


U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 18, 2008**                  **United States Bankruptcy Judge**

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LAURENCE D. BRIGGS | § § | CASE NO. 07-34534 |
| DEBTOR | § § | CHAPTER 7 |
| IN RE: | § | CASE NO. 07-34533 |
| DIRECT ACCESS TRADER CORP. | § § § | CHAPTER 7 |
| DEBTOR | § | (Involuntary Petition Pending) |

## ORDER, INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW, ON INVOLUNTARY BANKRUPTCY PETITIONS FILED AGAINST LAURENCE D. BRIGGS AND DIRECT ACCESS TRADER CORP.

CAME ON for hearings on the 19th day of December, 2007, were the involuntary bankruptcy petitions filed against Laurence D. Briggs ("Briggs") and Direct Access Trader Corp. ("DATC") by Europa International Ltd. ("Europa") (collectively, the "Involuntary Petitions") and, after considering the pleadings on file in the respective

involuntary bankruptcy cases, the arguments of counsel, the testimony of witnesses and the exhibits admitted into evidence, the Court finds and concludes, jointly with respect to the Involuntary Petitions, as follows:

1. The Court has jurisdiction over the Involuntary Petitions and the matters related thereto pursuant to 28 U.S.C. § 1334. The proceedings with respect to the Involuntary Petitions are core proceedings pursuant to 28 U.S.C. § 157(b).

2. Briggs and DATC, the alleged debtors in the respective involuntary bankruptcy proceedings, are jointly and severally liable on a pre-petition state court judgment ("Judgment") in favor of Europa, the sole petitioning creditor in the two above-captioned involuntary bankruptcy cases (collectively, the "Involuntary Cases"), and possibly other parties in an amount in excess of $400,000. The Judgment is based on a settlement agreement among Briggs, DATC, Europa and other parties ("Settlement Agreement").

3. The Judgment is unstayed, and thus Europa was free to attempt to collect on it prior to the commencement of the Involuntary Cases.

4. Both Briggs and DATC dispute the Judgment, and the Judgment is on appeal.

5. With respect to the Judgment, Briggs disputes that he has any liability to Europa under the terms of the Settlement Agreement. DATC disputes the amount of the Judgment because payments made under the Settlement Agreement were, DATC contends, not properly applied to certain obligations identified in the Settlement Agreement resulting in the Judgment amount being too much.

6. There are very few creditors of either Briggs or DATC, none of whom joined Europa as petitioning creditors with respect to the Involuntary Petitions or appeared before the Court to take a position on the Involuntary Petitions.

7. The issues before the Court with regard to the hearings on the Involuntary Petitions are (a) whether Europa is eligible to file the Involuntary Petitions against Briggs and/or DATC, and (b) whether Briggs and/or DATC are generally not paying their debts as they become due.

8. With respect to the first issue, 11 U.S.C. § 303(b) requires that Europa, as the sole petitioning creditor, in order to be eligible to file the Involuntary Petitions, hold a claim against Briggs and DATC in an unsecured amount of at least $13,475 that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount.

9. A debt is the subject of a bona fide dispute when there is an objective basis for either a factual or legal dispute as to the validity of the debt. *In re Sims,* 994 F.2d 210, 221 (5th Cir. 1993). The Bankruptcy Abuse and Consumer Protection Act of 2005 amendments expanded the issue of bona fide dispute to include either the existence of the debt or its amount.

10. In showing that a debt is not the subject of a bona fide dispute, the petitioning creditor must establish a prima-facie case that no bona fide dispute exists. After this prima-facie case is established, the burden shifts to the alleged debtor to present evidence demonstrating that a bona fide dispute exists. *In re Sims,* 994 F.2d at 221.

11. Because the standard is objective, neither the alleged debtor's subjective intent nor its subjective belief is sufficient to meet this burden. A court's objective is to

determine if a bona fide dispute exists, not to resolve the dispute, but that does not mean that a bankruptcy court is absolutely prohibited from addressing the legal merits of the alleged dispute. *In re Sims,* 994 F.2d at 221.

12. In determining whether a dispute is bona fide, a court may be required to conduct a limited analysis of the legal issues. This analysis often requires a court to assess the credibility of witnesses and factual considerations, and, as such, a court's determination based on an analysis of such factual findings can only be overturned on appeal if such determination is clearly erroneous.

13. The fact that the Judgment is unstayed and enforceable does not end the analysis of whether a bona fide dispute exists with respect to the claims of Europa against Briggs and DATC. The Court can probe into the arguments being urged on appeal by Briggs and DATC to determine if a bona fide dispute exists. *See In re Sims; see also In re Byrd,* 357 F.3d 433 (4th Cir. 2004);[1] This conclusion does not run afoul of the *Rooker-Feldman* doctrine or the full faith and credit clause of the United States Constitution (Article IV, Section 1). The analysis conducted by this Court is not an improper review of the Judgment and is not the equivalent of this Court sitting in place of an appellate court and ruling on the merits of the appeal of the Judgment. This Court is simply looking at whether a bona fide dispute exists under 11 U.S.C. § 303 of the Bankruptcy Code.

---

[1] The Court, in making these findings and conclusions, is aware of and considered the holding of the Fifth Circuit Court of Appeals in *In re Norris*, 1997 WL 256808 (5th Cir. April 11, 1997) which had some factual similarities to the facts relating to the Involuntary Petitions. However, the Court notes that this was an unpublished opinion which, pursuant to Rule 47.5 of the Fifth Circuit Rules, has no precedential value and is not binding on this Court. Further, the Court concludes that the facts of *Norris* are distinguishable from the facts relating to the Involuntary Petitions, and this Court does not choose to follow it as persuasive authority.

14. Based on the testimony of the witnesses, the exhibits admitted and the arguments of counsel, this Court finds and concludes that a bona fide dispute exists as to the entire liability of Briggs to Europa under the Judgment and as to the amount of the debt owed by DATC to Europa under the Judgment.

15. As to the second issue before the Court, 11 U.S.C. § 303(h) states that an order for relief for an involuntary bankruptcy petition will only be entered if the alleged debtor is generally not paying its debts as they become due. The petitioning creditor has the burden with respect to this issue.

16. The term "generally" is not defined in the Bankruptcy Code, and the legislative history does not provide much guidance. Factors relevant to determining whether an alleged debtor is generally not paying its debts as they become due include: the amount of the debt not being paid, the number of creditors not being paid, whether an alleged debtor regularly misses a significant number of payments to creditors, whether an alleged debtor regularly misses payments which are significant in amount in relation to the size of the alleged debtor's operations, the amount of nonpayment, the materiality of nonpayment and the alleged debtor's overall conduct.

17. Here, Europa has not met its burden to show that either Briggs or DATC are generally not paying their debts as they become due.

18. With respect to Briggs, the analysis is easy. Briggs' obligations to creditors, other than his obligation to Europa, are a home mortgage in favor of World Savings (which indebtedness is approximately the same amount as the amount Europa claims it is owed by Briggs pursuant to the Judgment), a car loan with BMW Finance, approximately four credit card debts, and a dirt bike loan from Yamaha. These debts

(except for the obligation to Europa under the Judgment) have all been timely paid and are current. A credit report of Briggs admitted into evidence substantiates these findings.

19. Penson Financial ("Penson") holds a contingent claim against Briggs based on a guarantee. This contingent debt is not being paid because Penson has not made demand on Briggs for payment.

20. The only non-contingent creditor Briggs is generally not paying is Europa, and Briggs disputes this debt.

21. Accordingly, considering Briggs' overall conduct and the overall situation, this Court finds and concludes that Europa has failed to carry its burden of proof to show that Briggs is generally not paying his debts as they become due. The Court finds and concludes that Briggs is generally paying his debts as they become due with the exception of the obligation due to Europa that is disputed.

22. With respect to DATC, other than the disputed debt owed to Europa, it has twelve creditors, some of whom are not clearly creditors. These twelve creditors of DATC include three creditors who provide insurance or employee-related services for InvestIN Securities Corp. ("InvestIN"), a wholly owned subsidiary of DATC. These three creditors are being paid generally as their debts become due, and none had a current balance outstanding in November 2007.

23. DATC's creditors also include two entities that issued credit cards used by both DATC and InvestIN. These credit card obligations are generally being paid as they become due. Only one of these obligations was outstanding in November 2007, and the balance was $13,638.

24. DATC's creditors also include Penson, an entity that clears securities transactions for InvestIN. Penson is a secured creditor of DATC and may be owed approximately $91,000 based on the computations of DATC's accountants. Penson holds the stock of InvestIN as security for DATC's obligation. Penson has not made demand for payment of this debt and is not pressing for payment.

25. The six other potential creditors described at trial are (1) Robert Friedman, allegedly owed $6,000; (2) Brian Latronica, allegedly owed $8,000; (3) the Schmidt Law Firm, allegedly owed $503; (4) Scott and Alice Slayton, stockholders of DATC, allegedly owed $17,000; (5) Grant and Weber, allegedly owed $65,000 relating to a lease in California abandoned by DATC many years ago; and (6) Bob Williams, a former director of DATC, allegedly owed $117,139 for loans made long ago.

26. Of these six creditors, only Grant and Weber, and Robert Friedman have ever sent statements or made demands to be paid. The other four creditors are old and friendly debt-holders at best. The Slaytons and Williams, insiders, may have contributed equity rather than made loans to DATC. There are no debt instruments with respect to any loans by the Slaytons and Williams.

27. In all, none of the DATC creditors are generally making demands or pressing for payment. The Court would have to speculate to find that Latronica, Williams and the Slaytons, with no loan documents memorializing any loans, were even holders of debt owed by DATC.

28. The most significant factor when doing a materiality analysis with respect to the debts owed by DATC is that none of the creditors of DATC are making demands and many of the alleged obligations are not clearly DATC's debts because there are no

loan documents or any memorialization of loan terms. In fact, some of the debts of DATC may not even be collectible since there may not be any terms associated with certain debts.

29. Accordingly, based on the evidence, this Court finds and concludes that Europa has not met its burden to show that DATC is generally not paying its debts as they become due. The fact that DATC is not paying Europa that has a claim based on a debt disputed as to amount is not enough to change this Court's conclusion that Europa has failed to carry its burden of proof required by 11 U.S.C. § 303(h).

30. Finally, the Court notes that the equities do not support keeping either Briggs or DATC in bankruptcy. The underlying matter with respect to Briggs and DATC, on the one hand, and Europa, on the other, appears to be a two-party dispute with no other creditors having joined in the Involuntary Petitions or having appeared at the hearings to support the entries of orders for relief. The evidence supports a finding and conclusion that Europa is not being paid by either DATC or Briggs because they both dispute Europa's claims. There was no stay in place preventing Europa's collection efforts prior to the commencement of the Involuntary Cases. Further, with respect to DATC, its only asset is the stock of InvestIN that is held by Penson as a secured creditor. Therefore, it is accordingly

**ORDERED, ADJUDGED and DECREED** that Europa's request for an order for relief against Briggs is denied and the involuntary bankruptcy case of Briggs will be dismissed; and it is further

**ORDERED, ADJUDGED and DECREED** that Europa's request for an order for relief against DATC is denied and the involuntary bankruptcy case of DATC will be dismissed; and it is further

**ORDERED, ADJUDGED and DECREED** that, the dismissal of the Briggs and DATC Involuntary Cases is without prejudice to and with reservation of the Court's jurisdiction over, and authority to consider, motions for damages pursuant to 11 U.S.C. § 303(i); and it is further

**ORDERED, ADJUDGED and DECREED** that the Court reserves the right to supplement the findings of fact and conclusions of law set forth herein as it deems necessary and appropriate, and it is further

**ORDERED, ADJUDGED and DECREED** that to the extent any of the conclusions of law herein constitute findings of fact, the Court expressly adopts them as such, and to the extent any of the findings of fact constitute conclusions of law, the Court expressly adopts them as such.

### End of Order ###

**Order on Involuntary Bankruptcy Petitions Filed Against**
**Laurence D. Briggs and Direct Access Trader Corp.** Page 9

4981498v.3